# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| D'ARBY MOORE, DOROHN WRIGHT, DESMOND DeBRUE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 14 C 2456 |
| ALFRED SALINAS, KEITH APPLEQUIST, WILLIAM BULANDA, STEVEN ANKARLO, HANK VEGA, and CITY OF CHICAGO HEIGHTS, | ) Judge Robert M. Dow, Jr.<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to dismiss for insufficient process and service of process [17]. For the reasons stated below, the Court denies Defendants' motion.

**I.      Background**

Plaintiffs have filed federal and state law claims against five Chicago Heights police officers stemming from their arrests on April 7, 2012. The complaint alleges excessive force, failure to intervene, and malicious prosecution. It also alleges a *Monell* claim against the City of Chicago Heights for failure to adequately train its police officers. This case recently was reassigned to this Court from Judge Grady's docket.

Plaintiffs filed their complaint on April 6, 2014, the last day of the two-year statute of limitations governing their 42 U.S.C. § 1983 claims. See *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. On June 23, 2014, Judge Grady entered an order [6] setting an initial status hearing on July 16, 2014. Two days before the status hearing, Plaintiffs'

attorney, John Greenlees, and an individual named Darlene Cronin, traveled to the Chicago Heights police station to serve Defendants. See [20-2], Cronin Aff. at ¶ 1; [20-2], Greenlees Aff. at ¶ 1. Cronin states that she told the person behind the main desk that she intended to deliver summonses and complaints to Defendants. See Cronin Aff. at ¶ 2. The person behind the desk asked her "if the material was related to Court." *Id*. Cronin confirmed that the summonses were related to this lawsuit, at which point the person behind the desk told Cronin that "she would send the Court officer out to speak to [her]." *Id*. A police officer arrived several minutes later, looked at the documents, and told Cronin "that he would make sure the material was delivered to the correct person(s)." *Id.* at ¶ 4. Defendants failed to appear at consecutive status hearings, prompting the court to set a date to hear Plaintiffs' anticipated motion for default. See [14]. Defendants appeared prior to the hearing date and filed this motion to dismiss.

**II.     Legal Standard**

A plaintiff must ensure that each defendant receives a summons and a copy of the complaint within 120 days of filing a complaint in federal court. Fed. R. Civ. P. 4(m). On a defendant's motion to dismiss for insufficient process under Rule 12(b)(5), the plaintiff bears the burden of showing that it served each defendant effectively. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Where a plaintiff shows good cause for its failure to sufficiently serve a defendant, the court must provide an extension. Fed. R. Civ. P. 4(m); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). Where a plaintiff does not show good cause, a court may provide an extension or dismiss the suit. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006).

**III. Analysis**

Defendants state that they move to dismiss under Rule 12(b)(4) for insufficient process and under Rule 12(b)(5) for insufficient service of process. However, their brief only argues that service of process was insufficient. Accordingly, the only question before the Court is whether to dismiss under Rule 12(b)(5).

**A. Sufficiency of Service of Process**

Plaintiffs' service was insufficient. Under Rule 4, a party must serve a municipal corporation by "(A) delivering a copy of the summons and complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A) & (B). Illinois law provides that a plaintiff may serve a city by leaving a copy with the mayor or city clerk. 735 ILCS 5/2-211. Under Rule 4, a party must serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" or else by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) & (2). Relevant here, Illinois law permits a plaintiff to serve an individual defendant personally or at their abode. 735 ILCS 5/2-203(a).

Plaintiffs' counsel left copies of each summons with an unidentified "court" officer. This method of service was deficient as to Chicago Heights because the court officer was not the chief executive officer, mayor, or city clerk. See Fed. R. Civ. P. 4(j)(2)(A) & (B); 735 ILCS 5/2-211. This method was also deficient as to the individual Defendants because it failed to serve

Defendants personally, at their dwellings, or through their authorized agents.[1] See Fed. R. Civ. P. 4(e); 735 ILCS 5/2-203(a).

Plaintiffs argue that their service was sufficient because it is analogous to that in *O'Brien v. Lacey*, Case No. 1:13-cv-9313 (N.D. Ill.). This argument is unpersuasive for two reasons. First, the defendants in *O'Brien* never challenged service, so the court there never addressed whether it was sufficient. Second, the facts of *O'Brien* are distinguishable. There, the U.S. Marshal served the Village of Dalton by delivering the summons and complaint to the village clerk—a form of service that satisfied state law. See [9], *O'Brien*, Case No. 13-cv-9313; see also 735 ILCS 5/2-211 (requiring a party to serve a village by delivering the summons and complaint to the village clerk). The U.S. Marshal served the individual defendants by delivering the summons and complaint to Dolton's police chief. See [7, 8], *O'Brien*, Case No. 13-cv-9313. It is unclear from Plaintiffs' arguments whether the police chief there was authorized to receive service on behalf of the individual defendants. To the extent that he was, the service in *O'Brien* is distinguishable because it satisfied Rule 4(e)(2)(C). To the extent that he was not, the service there was deficient, but went unchallenged for reasons beyond this Court's knowledge. Fed. R. Civ. P. 4(e); 735 ILCS 5/2-203(a). The fact that O'Brien may have gotten away with insufficient service does not mean that Plaintiffs should, too. Evaluating the service here in light of Rule 4's requirements, the Court finds that it insufficient.

**B.      Good Cause**

Having found insufficient service, the Court must next determine whether Plaintiffs have shown good cause. See Fed. R. Civ. P. 4(m). To show good cause, a plaintiff must provide a

---

[1] Plaintiffs provide no evidence that the court officer was authorized to receive service on behalf of individual Defendants, nor do they argue that he had such authority. Accordingly, the Court concludes for present purposes that the court officer lacked the authority to receive service on the individual Defendants' behalf.

"valid reason" for delay. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Valid reason has been found to exist where a delay was outside the plaintiff's control. See, *e.g.*, *id.* (valid reason exists where a defendant evades service); *Graham v. Satkoski*, 51 F.3d 710, 712–13 (7th Cir. 1995) (delay attributable to the Marshals Service constitutes good cause); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F.App'x 543, 547-48 (7th Cir. 2014) (delay attributable to a court's screening of a prisoner's complaint constituted good cause). A plaintiff also must show "reasonable diligence" in attempting to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)).

Plaintiffs argue that good cause exists because the court officer accepted the documents and stated that he would "make sure the material was delivered to the correct person(s)." [20-2] Cronin Aff. at ¶ 4. In his affidavit, counsel states that he has litigated numerous civil rights matters in federal court over the last three years, so he presumably is familiar with the rules governing service of process. Given his experience, it was risky, and perhaps unreasonable, for him to rely on an unidentified officer's assurance that he would deliver the complaint and summons to the appropriate parties. Accepting Plaintiffs' affidavits as true, the Court still cannot find anything in the described events indicating that the court officer was the city clerk or Defendants' authorized agent. Counsel could have continued investigating the whereabouts of the proper individuals to be served. Instead, he handed the materials to the officer. This is not enough for the Court to find "valid reason" for Plaintiffs' failure to comply with Rule 4. The decision to hand the materials to the officer was in counsel's control. Plaintiffs also fail to demonstrate reasonable efforts to serve Defendants, particularly because they waited until the

end of the statutory period to file the complaint and the end of the 120 day period, just before a status hearing, to attempt service.

Plaintiffs unpersuasively argue that if the officer had objected to service, counsel "would have pursued additional lines of inquiry (such as asking to speak to the Chief), served the village through another means (or another village officer), and/or move to extend time for service if necessary." [20-1], Pls.' Resp. at 3. Plaintiff's argument would be more persuasive if there were any hint that the officer was engaged in a game of "gotcha" with counsel, but based on the record it seems equally likely that the officer's failure to follow through on his purported promise to deliver the documents to the right person was negligent at most. In any event, had counsel thought that using the officer as an intermediary was worth the risk, he should have followed up to ensure that the proper Defendants actually received the important package, especially after Defendants failed to appear at two status hearings before Judge St. Eve (sitting for Judge Grady). The burden of service lies with Plaintiff, and counsel therefore should have complied with Rule 4 in the first instance. Plaintiffs also argue that counsel handed the documents to the court officer because the individual Defendants are police officers whose home addresses are difficult to identify. This explanation is unpersuasive. Counsel could have served the individual Defendants' authorized agents instead.

### C. Discretionary Extension

Having found no good cause, the Court now considers whether a discretionary extension is nevertheless warranted. In determining whether to grant a discretionary extension, a court considers the relative hardships of the parties. *Cardenas*, 646 F.3d at 1006. Rule 4(m) does not require a district court to consider any factors in particular, but courts may consider (1) whether the expiration of a statute of limitations during the pending action would prevent refiling; (2)

whether the defendant evaded service; (3) whether the defendant's ability to defend would be prejudiced by an extension; (4) whether the defendant had actual notice of the lawsuit; (5) whether the defendant was eventually served; (6) whether a plaintiff ever requested an extension due to difficulties in perfecting service; (7) and whether a plaintiff diligently pursued service during the allotted period. *Id.* A court need not detail its reasoning for each plaintiff-proposed factor, and nothing prohibits a court from considering factors plaintiffs ignore. *Id.*

Based on the first factor in this analysis, the Court grants Plaintiffs a discretionary extension. Dismissal without prejudice would amount to dismissal with prejudice because Plaintiffs' claim would be time-barred. To be sure, Plaintiffs lingered in filing this complaint. Moreover, counsel lingered in serving Defendants and then served them insufficiently. Nevertheless, the Court finds sufficient reason to grant Plaintiffs a discretionary extension. The limitations period is a relatively short one. And during that period, the arrest at issue led to a criminal trial and acquittal—a process that presumably preoccupied Plaintiffs with other judicial proceedings. With these facts in mind, the Court hesitates to allow counsel's misstep to close the courthouse door.

**IV.  Conclusion**

For the foregoing reasons, the Court denies Defendants' motion to dismiss and grants Plaintiffs' 21 days to properly serve Defendants. This case is set for further status hearing on 3/19/2015 at 9:00 a.m.

Dated: February 19, 2015

Robert M. Dow, Jr.
United States District Judge